**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUOCHENG ZHANG,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | CASE NO. 5:26-cv-06032-SK<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Luocheng Zhang is a citizen of China detained at the Adelanto ICE Processing Center and charged with removability as a B2-visitor overstay. He was arrested at the Ontario International Airport by immigration authorities on or about August 27, 2026 and detained at the airport once he was reasonably confirmed to lack lawful status. As part of that field custody determination, though, petitioner was notified of his right to seek custody redetermination before an immigration judge. And at his request, he was provided a custody redetermination hearing on September 21, 2026. The immigration judge at that time ordered petitioner detained pending his removal proceedings as a flight risk and issued a written detention order with detailed reasons. Petitioner then reserved his right to appeal that order to the Board of Immigration Appeals (BIA). Still, rather than pursue that administrative remedy to conclusion, petitioner seeks unconditional release now under 28 U.S.C. § 2241.

Presuming the parties' familiarity with the material facts of the case, the court denies the petition based on the following findings and conclusions:

1. Petitioner received all the process due under the Immigration and Nationality Act, the Due Process Clause, and any relevant agency regulations. *See*

*Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

2. Contrary to petitioner's reliance on the (uncritically repeated) proposition that a "post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing" (ECF 11 at 4), neither habeas law nor the Due Process Clause is that dogmatic, categorical, and rigid. If anything, because habeas petitions must be resolved "as law and justice require," 28 U.S.C. § 2243, "federal courts may delay the release of a successful habeas petitioner in order to provide the [government] an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *accord Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

3. That is why for detainees like petitioner—who were never previously released on bond or parole and are subject to discretionary detention only—the most common (though admittedly not universal) remedy has been a conditional habeas writ ordering release within a set time unless the detainees are given a prompt detention hearing before an immigration judge consistent with 8 U.S.C. § 1226(a). *See, e.g.*, *Fuentes v. Mullin*, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026); *Ramirez v. Warden*, No. 5:26-CV-02714-CV, 2026 WL 1658506, at *2 (C.D. Cal. June 5, 2026); *Herrera v. Mullin*, No. 5:26-CV-01561-CAS, 2026 WL 915184, at *1 (C.D. Cal. Apr. 3, 2026); *Zabala v. Bowen*, No. 5:26-CV-0918-MRA, 2026 WL 874740, at *2 (C.D. Cal. Mar. 26, 2026).

4. To be sure, like citizens and noncitizens alike, petitioner generally "has a private interest in remaining free" all else equal, "but he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole." *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00725-RBM, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026). Thus, his reliance on the cases that may have ordered unconditional release "when the Government seeks to re-detain a noncitizen previously released under Section 1226(a)" is misplaced here.

*Herman v. DHS*, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *4 (C.D. Cal. June 12, 2026); *see Sheng v. Janecka, et al.*, No. 5:26-CV-04398-BFM, 2026 WL 2365088, at *1 (C.D. Cal. Aug. 14, 2026) (finding "analogy to that body of caselaw fails, however, because Petitioner was not previously released on parole"); *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (explaining that in cases ordering immediate release for procedural due process violation, "petitioners had been previously released by immigration authorities based on a determination that their detention was not necessary, only to be later re-detained").

5. Petitioner's claim for release fares no better to the extent that he relies merely on the circumstances around his airport arrest. Even if he was arrested without an administrative warrant (or was not timely provided one right after his arrest), his remedy does not lie in individual habeas corpus.[1] *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *see also Lopez-Mendoza, INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (The "body" of an unlawfully arrested detainee is not "itself suppressible as a fruit of an unlawful arrest."); *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."); *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (habeas petitioner's "contention that he was taken in custody prior to the issuance of a warrant of arrest is immaterial"); *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law.") (quoting *Bilokumsky*, 263 U.S. at 158).

---

[1] Nothing in this order, of course, forecloses petitioner's other remedies for an unlawful immigration arrest, including suppression of evidence in his removal proceedings, *see United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006); *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1443 (9th Cir. 1994), or a separate damages action for alleged false imprisonment, *see Ibarra-Perez v. United States*, 154 F.4th 989, 999–1000 (9th Cir. 2025). That these remedies necessarily fall short of unconditional release does not mean that the writ of habeas corpus expands to cover that shortfall.

6. Besides, "no matter the circumstances of the arrest that brought him into custody initially, petitioner [had] the chance to obtain release—and thus supersede his initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez v. Senior Warden*, No. 5:26-CV-03901-DOC, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026). "Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [petitioner's] detention is illegal today." *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991); *accord L-J-P-L- v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025). And because petitioner disclaims any challenge to the immigration judge's discretionary detention order, even if there were any antecedent violations of applicable regulations or procedural due process, "habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention," *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026)—the immigration judge's September 21, 2026 detention order.

7. Finally, even if petitioner wanted to challenge the immigration judge's adverse decision, he needed to exhaust his administrative remedies first. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026). After all, "in the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA." *Fan*, 2026 WL 2276462, at *15. "Beyond unusual or exceptional cases, then, exhaustion of administrative remedies should be the norm for ordinary case- or petitioner-specific challenges to bond denials based on the individual and specific facts of a single case." *Id.* at *10. So it is here.[2]

---

[2] In any event, nothing prevents petitioner from seeking another custody redetermination hearing based on materially changed circumstances. *See* 8 C.F.R. § 1003.19(e). Nor does anything said here impair petitioner's right to a prolonged detention hearing—the so-called

* * *

For all these reasons, the habeas petition here is denied. Judgment dismissing this action without prejudice will be entered accordingly. Meanwhile, the court retains jurisdiction over any successive action under 28 U.S.C. § 2241 filed in this district, alleging that petitioner is being held in immigration custody within this district in violation of federal law. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: October 29, 2026

STEVE KIM
United States Magistrate Judge

---

*Rodriguez* bond hearing—if he remains detained within this district for six months or more. *See Rodriguez v. Holder*, No. CV 07-03239-TJH, 2013 WL 5229795, at *2-3 (C.D. Cal. Aug. 6, 2013).